## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kevin M. Leslie, a Special Agent with the United States Drug Enforcement Administration (hereinafter referred to as DEA), U.S. Department of Justice, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7).  I am, therefore, an officer who is empowered to conduct criminal investigations, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516.  I am a Special Agent with the DEA and have been employed since 2024.  As a Special Agent, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I have received 17 weeks of training at the DEA Training Academy in Quantico, VA.  I am currently assigned to the DEA Caribbean Division Airport Investigations and Tactical Team (AirTAT).  During my law enforcement training and career, I have received detailed instruction in and conducted various investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

2. Based on my training and conversations with other law enforcement officers, I have become familiar with the trafficking of illegal drugs, and it's proceeds, and with the drug trafficking organizations operating in Puerto Rico.  As part of my official duties, I am required to participate in seizures of property and currency, which are obtained from proceeds of illegal drug trafficking activity.  Moreover, I have been trained how to interview persons involved in the drug trafficking and money laundering business. Through my training and experience, I have become familiar with the modus operandi of drug traffickers and their methods of communication, which includes the use of cellular telephones.

3. The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources.  Because this

affidavit is made for the limited purpose of establishing probable cause for the issuance of an arrest warrant, I have not recited each and every fact known to me as a result of this investigation.  As a result of my personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

4. I make this affidavit in support of a criminal complaint concerning the following federal offenses: Possession with Intent to Distribute Five Kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and Conspiracy to Possess Controlled Substances with Intent to Distribute Five Kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846.

## PROBABLE CAUSE

5. The Drug Enforcement Administration (DEA) Caribbean Division (CD) Airport investigations and Tactical Team (AirTAT) members in Puerto Rico are working in conjunction with the Department of Homeland Security's (DHS) Homeland Security Investigations (HSI), and Puerto Rico Police Bureau (PRPB) at the Luis Munoz-Marin International Airport (airport code: SJU).

6. On October 25, 2025, at approximately 5:30 A.M., PRPB along with DEA personnel were conducting luggage inspections with a drug-detection canine (K-9). During the inspection, PRPB K-9 handler along with K-9 (Beki) alerted positive to the presence of the odor of narcotics on one (1) dark black colored, soft shelled, suitcase registered through JetBlue Airlines. The suitcase was registered under "Gutierrez, Santan" with number 4279479559 and destined for John F. Kennedy International Airport, via a flight from San Juan, Puerto Rico, on JetBlue Airlines flight #2904, and a locator identification of EFQDRW. DEA AirTAT personnel working at SJU made contact with a male subject who was later identified as **Carlos Javier Gutierrez Santana** (identified through his Puerto Rico Driver's license along with his Boarding Pass). His boarding pass revealed his travel destination was John F. Kennedy International Airport.

7. At this point, DEA AirTAT agents asked Gutierrez-Santana if they could talk to him due to a PRPB K-9 alerting to the odor of narcotics on the dark black colored, soft shelled, suitcase registered under his name. At gate A-5, DEA AirTAT agents showed him the dark black colored, soft shelled, suitcase registered under his name (Carlos Javier Gutierrez Santana) and asked him if the suitcase were his property, Gutierrez-Santana admitted ownership that the dark black colored, soft shelled, suitcase registered to his name.

8. DEA AirTAT agents asked Gutierrez-Santana if DEA AirTAT could open the dark black colored, soft shelled, suitcase. Gutierrez-Santana provided consent and added by saying "yes, you know what's in there". DEA AirTAT members gained verbal consent from Gutierrez-Santana to inspect his suitcase. DEA AirTAT opened the luggage and found concealed between the clothing multiple brick shaped objects covered with a black paper of suspected cocaine. DEA AirTAT members proceeded to close the dark black colored, soft shelled suitcase and Gutierrez-Santana was detained and escorted to the AirTAT office in SJU.

9. At the AirTAT office, DEA agents proceeded to conduct an inspection of the luggage to which they discovered the total amount of ten (10) brick-shaped objects covered with a black paper, agents proceeded to remove the black paper and found that the bricks had a label written with a red logo and the words "Casa Blanca" written in black bold letters in all caps, wrapped in plastic. At this point, DEA AirTAT personnel escorted Gutierrez-Santana to the AirTAT office at the SJU, where he was arrested by DEA AirTAT members and advised of his Miranda Rights. Based on experience and training of the agents, the brick-shaped objects were consistent with the shape and size of kilogram bricks of cocaine.

10. DEA AirTAT agents advised Gutierrez-Santana of his Miranda Rights, and he waived his Miranda Rights knowingly and willingly. Gutierrez-Santana then stated he didn't want to talk about the drug venture by stating "What is done is done". During the interview Gutierrez-Santana admitted to travel in many other instances and that he didn't recall the times because there were many. Furthermore, Gutierrez-Santana stated

that he was picked up at his house, went to Rio Piedras where he obtained the luggage and was dropped off at the airport. Gutierrez-Santana provided consent to search two (2) phones that were found in his person during the intervention which Gutierrez-Santana advised that one was his personal and the other one was for the work. Gutierrez-Santana advised agents that he was not willing to share any other additional information related to the venture.

11. DEA AirTAT conducted a field test with GEMINI which resulted with a positive result to suspected cocaine with an of approximately weight of 11.513 kilograms.

### CONCLUSION

12. Based upon my training, experience and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate that Carlos Javier Gutierrez Santana committed the following federal offenses: Possession with Intent to Distribute Five Kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and Conspiracy to Possess Controlled Substances with Intent to Distribute Five Kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846.

KEVIN LESI Digitally signed by KEVIN LES
Date: 2025.10.25 12:56:54
-04'00'
_____
Kevin Michael Leslie
Special Agent, DEA

Sworn in accordance with the requirements of FRCP 4.1 at _____5:50PM_____ by telephone, this ____25th____ day of October 2025.

_____
Hon. Marshal D. Morgan
United States Magistrate Judge
District of Puerto Rico